# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RYAN PHAN,**<br>　　Plaintiff,<br>　vs.<br>**COSTCO WHOLESALE CORPORATION,**<br>　　Defendant. | CASE NO. 19-cv-05713-YGR<br><br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 11 |

Plaintiff Ryan Phan brings this personal injury and premises liability action against defendant Costco Wholesale Corporation ("Costco") seeking to recover for injuries sustained and wages lost after plaintiff slipped and fell at a Costco gas station. (Dkt. No. 1.) Plaintiff originally filed his complaint in the California Superior Court, County of Alameda, Case No. RG-19007662. (*Id.*) Defendants later removed the action to this Court. (*Id.*)

Now pending before the Court is plaintiff's motion to remand this action back to state court. (Dkt. No. 11.) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **DENIES** the motion.[1]

\* \* \* \* \*

Under 28 U.S.C. section 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to [a federal] district court[.]" *See Rodriguez v. AT & T Mobility Servs. LLC,* 728 F.3d 975, 977 (9th Cir. 2013) ("A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction[.]"). As is relevant here, federal

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument.

courts have original jurisdiction over cases in which there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. "A civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2).

To protect the jurisdiction of state courts, removal jurisdiction must be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Thus, if there is any doubt as to the right of removal, the case should be remanded. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*

Here, plaintiff objects to removal on two grounds. First, plaintiff contends that diversity jurisdiction does not exist because while plaintiff is a California citizen, Costco has not established that it is a citizen of a state other than California. For purposes of diversity jurisdiction, a corporation is deemed a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is normally "the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center[.]'" *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). In support of its opposition, Costco offers substantial evidence, including corporate formation and registration documents filed with the states of California and Washington, which show that Costco is incorporated in and maintains its principal place of business in Washington.[2] Costco thus has satisfied its burden of

---

[2] Specifically, Costco requests judicial notice of (1) an Amended Statement of Designation by a Foreign Corporation, filed with the California Secretary of State, which states that Costco is "organized and exist[s] under the laws of Washington"; (2) Costco's Articles of Incorporation, issued by the Washington Secretary of State; (3) Costco's Statement of Information, filed with the California Secretary of State, which shows that Costco's "principal executive office" and the office of three high-level officers is located in Washington; and (4) Costco's Business Information, appearing on the Washington Secretary of State's website, which shows that Costco's "principal office" is located in Washington. (Dkt. No. 13-2.) Each of these documents is a public record maintained on a government website. Thus, the Court **GRANTS** Costco's request for judicial notice as to these four documents. *See* Fed. R. Evid. 201(b)(2) ("The

2

establishing that it is a citizen of Washington, not California, and thus, that complete diversity exists between the named parties.[3]

Second, plaintiff argues that the "Doe" defendants likely are California citizens, which would destroy diversity. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(b); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"). Thus, the assumed citizenship of "Doe" defendants not named in this action does not destroy diversity.[4]

For the foregoing reasons, plaintiff's motion to remand is **DENIED**.[5]

**IT IS SO ORDERED.**

Dated: November 15, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Costco's request for judicial notice of documents filed in this case in state court is **DENIED** as moot.

[3] Plaintiff's argument that "Costco stores are located in virtually every city in California" has no bearing on Costco's citizenship.

[4] Plaintiff contends that he propounded discovery asking for names of employees who witnessed the slip-and-fall because he intended to add them as defendants, and Costco's removal of this case days before the discovery responses were due constitutes "bad faith." The Court sees no evidence of bad faith, however. Costco has offered evidence of the parties' meet and confer efforts, which suffice to explain the timing of the removal.

[5] Because removal was proper, plaintiff is not entitled to fees and costs incurred in connection with bringing this motion.

3