

Jordan M. Meeks
Attorney
Direct Line: (925) 785-2855
jmm@severson.com

One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

August 7, 2020

Hon. Yvonne Gonzalez Rogers
USDC-Northern District
1301 Clay Street
Oakland, CA  94612

   Re: Phan v. Costco
      4:19-cv-05713 YGR

Dear Honorable Judge Yvonne G. Rogers:

  Please allow this letter to serve as Defendant Costco Wholesale Corporation's request for a pre-filing conference pursuant to the Honorable Judge Yvonne G. Rogers' Standing Orders, Rule 9, for Wednesday, **August 12, 2012 at 2:00 p.m.**  Alternatively, if convenient for the Court and Plaintiff's counsel, Costco proposes the Conference be held subsequent to Plaintiff's Motion for Sanctions which is set to be heard this Tuesday, August 21, 2020 at 4:00 p.m.  Please also accept my sincere apologies for the late filing of this Request.  I was unaware of your Honor's pre-filing conference request requirements, and apologize to both this Court, and Plaintiff's counsel for any inconvenience caused as a result.  The mistake was inadvertent and in no way meant to inconvenience this Court or prejudice Opposing counsel.  Plaintiff's counsel has been aware of Costco's commitment to file a motion for summary judgment since the inception of this lawsuit, as I have communicated with her on many occasions regarding my intention to file this motion, and the grounds I am relying on for said motion.  The parties have discussed the merits of each others respective position on numerous occasions, however settlement has not been forthcoming.

  Costco intends to move for summary judgment on the grounds that it was not put on notice of any purported dangerous condition, and that Plaintiff's accident was the result of his own negligence.  Plaintiff claims that his fall was the result of him slipping on wet paint.  In support of that claim, Plaintiff alleges that an unknown employee told him that the lines had been painted two days prior, and that his shoes had paint on them shortly after his fall.  However both allegations have been refuted in discovery through both documentary and testimonial evidence.

  First, Costco contracts with a third-party company to perform painting work at the subject gas station.  Invoicing records from both the warehouse and the third-party company confirm that the gas station lines had been painted over a year prior to Plaintiff's fall (See **Exhibit A** attached hereto).  Second, all of the gas station employees who were working on the date of the accident have been deposed by Plaintiff, and confirm that the lines had not been painted two



Hon. Yvonne Gonsalez Rogers
August 7, 2020
Page 2

days prior.  Notably, all of them denied having ever been made aware of any slip and fall accidents/wet paint issues for the decade and a half prior to Plaintiff's accident.  Assuming *arguendo* that the lines had been painted two days prior, they logically would not still be wet.  Accordingly, Costco was not on notice of any painting work being done, nor of any wet paint at the gas station at any point in time.

Third, Plaintiff told both the responding paramedic, as well as his primary care physician several months later, that he slipped on spilled gasoline.  This is consistent with our understanding of Plaintiff's accident.  Plaintiff testified in deposition that the gas hose sprayed gasoline all over the ground around him and his vehicle within one to three minutes after he inserted it into his gas tank.  A gas station attendant testified he saw the gas nozzle inserted upside down into Plaintiff's gas tank after his fall.  Written warnings on the gas station fuel dispensers specifically prohibit inserting the gas nozzle upside down as it can cause spills, like it did in this case.

Finally, Plaintiff claims that his shoe had wet paint on it after his fall.  When asked to produce photographs of his shoe in discovery, the photograph Plaintiff produced revealed no paint marks.  (See **Exhibit B** attached hereto.).

Consequently, while Plaintiff claims that he slipped on wet paint, it is contradicted by all of the documentary and testimonial evidence in this case.  Even if true, Costco had no notice of it.  Assuming Plaintiff slipped on gasoline as a result of the gas nozzle being inserted upside down, Costco similarly did not have notice as no employee saw the spilled gasoline quick enough to remedy the spill since only 1-3 minutes elapsed between the time Plaintiff inserted the nozzle and the time that his accident occurred.  In the absence of notice of any alleged dangerous condition, Costco cannot be liable for Plaintiff's injuries as a matter of law pursuant to his negligence based causes of action.

Costco thanks the Court for its consideration, and respectfully requests a pre-filing conference for this motion.  Counsel sincerely apologizes for any inconvenience caused by it's inadvertent oversight, and will be mindful of consulting the Judge's standing order on _all_ filings and motions going forward.  I can be reached at the telephone number and e-mail indicated above, should this Court or opposing counsel wish to discuss anything further.

Respectfully,

Jordan M. Meeks

JMM:ear



Hon. Yvonne Gonsalez Rogers
August 7, 2020
Page 3


cc:     Chambers
        All counsel (see attached service list)

# Exhibit A



**CUSTOMER #:** 0756
**INVOICE #:** 16046-01
**INVOICE DATE:** 04/07/16
**DUE DATE:** 05/07/16

**BILL TO:**
Costco #118 San Leandro
VENDOR # 23636-00
1900 DAVIS STREET
San Leandro, CA  94577

**JOB:** 16046
CT #118 San Leandro-Gas Stripe

San Leandro, CA

| CODE | DESCRIPTION | CURRENT CONTRACT | PREVIOUS BILLED | PREV % | % COMPL | CURRENT BILLING |
|------|-------------|------------------|-----------------|--------|---------|-----------------|
| 09 | FINISHES<br>Striping gas staion lanes/stops/arrows. | 2,380.00 | | | 100.0 | 2,380.00 |
| | **TOTALS:** | 2,380.00 | | | 100.0 | 2,380.00 |

**SALES TAX:**

**NET DUE:**   2,380.00

*We gladly accept Visa, Mastercard, American Express, and Discover Card!*

*Please remit all payments to our corporate address below!*

**Corporate Office**

1177 N. 15th Street, San Jose, CA 95112
Phone: 408-437-0337 Fax: 408-437-0339
www.schaperco.com   www.schapermfg.com



**CUSTOMER #:** 0756
**INVOICE #:** 16129-01
**INVOICE DATE:** 10/18/16
**DUE DATE:** 11/17/16

**BILL TO:**
Costco #118 San Leandro
VENDOR # 23636-00
1900 DAVIS STREET
San Leandro, CA  94577

**JOB:** 16129
CT #118 San Leandro-Bird Spike

San Leandro, CA

| CODE | DESCRIPTION | CURRENT CONTRACT | PREVIOUS BILLED | PREV % | % COMPL | CURRENT BILLING |
|---|---|---|---|---|---|---|
| 09 | FINISHES | 3,130.00 | | | 100.0 | 3,130.00 |
| | Installing new stainless steel bird spikes at Gas Station Canopy | | | | | |
| | **TOTALS:** | 3,130.00 | | | 100.0 | 3,130.00 |

**SALES TAX:**

**NET DUE:**   3,130.00

*We gladly accept Visa, Mastercard, American Express, and Discover Card!*

*Please remit all payments to our corporate address below!*

***Corporate Office***

1177 N. 15th Street, San Jose, CA 95112
Phone: 408-437-0337 Fax: 408-437-0339
www.schaperco.com   www.schapermfg.com



**CUSTOMER #:** 0756
**INVOICE #:** 16072-01
**INVOICE DATE:** 06/22/16
**DUE DATE:** 07/22/16

**BILL TO:**
Costco #118 San Leandro
VENDOR # 23636-00
1900 DAVIS STREET
San Leandro, CA  94577

**JOB:**  16072
CT #118 San Leandro-Gas Canopy

San Leandro, CA

| CODE | DESCRIPTION | CURRENT CONTRACT | PREVIOUS BILLED | PREV % | % COMPL | CURRENT BILLING |
|------|-------------|-----------------:|----------------:|-------:|--------:|----------------:|
| 09 | FINISHES | 4,230.00 | | | 100.0 | 4,230.00 |
| | Cleaning bird poop and powerwash Gas Canopy. | | | | | |
| | **TOTALS:** | 4,230.00 | | | 100.0 | 4,230.00 |
| C001 | Exterior Power Wash | 12,970.00 | | | 100.0 | 12,970.00 |
| | Using a Hudson sprayer to spray metal siding with a cleaner, using a soft bristled brush to clean, then pressure washing entire building. | | | | | |
| | **CHANGE ORDER TOTALS:** | 12,970.00 | | | 100.0 | 12,970.00 |

**SALES TAX:**

**NET DUE:**          17,200.00

*We gladly accept Visa, Mastercard, American Express, and Discover Card!*

*Please remit all payments to our corporate address below!*

***Corporate Office***

1177 N. 15th Street, San Jose, CA 95112
Phone: 408-437-0337 Fax: 408-437-0339
www.schaperco.com   www.schapermfg.com



**CUSTOMER #:** 0756
**INVOICE #:** 15434-01
**INVOICE DATE:** 07/29/15
**DUE DATE:** 08/28/15

**BILL TO:**
Costco #118 San Leandro
VENDOR # 23636-00
1900 DAVIS STREET
San Leandro, CA  94577

**JOB:** 15434
CT #118 San Leandro Misc Pt

San Leandro, CA

| CODE | DESCRIPTION | CURRENT CONTRACT | PREVIOUS BILLED | PREV % | % COMPL | CURRENT BILLING |
|------|-------------|-----------------|-----------------|--------|---------|-----------------|
| 09 | FINISHES | 15,910.00 | | | 100.0 | 15,910.00 |
| | Painting all tire shop roll up doors and frames: $1,970.00 | | | | | |
| | Removing red paint on front flat red curb and then repainting red curb throughout the parking lot: $3,890.00 | | | | | |
| | Repairing bird netting at the receiving canopies: $1,190.00 | | | | | |
| | Pressure washing the entire gas staion canopy and cleaning the bird glue off the top, then repainting the enitre gas canopy sign band: $3,360.00 | | | | | |
| | Installing bird spikes on the gas canopy roof: $3,500.00 | | | | | |
| | Remove aluminum trim on Food Court cart rail, sand and stain the cart rail, and install new aluminum trim aprox. 140ft: $2,000.00 | | | | | |
| **TOTALS:** | | 15,910.00 | | | 100.0 | 15,910.00 |

*We gladly accept Visa, Mastercard, American Express, and Discover Card!*

*Please remit all payments to our corporate address below!*

**Corporate Office**
1177 N. 15th Street, San Jose, CA 95112
Phone: 408-437-0337 Fax: 408-437-0339
www.schaperco.com   www.schapermfg.com



Lic. No. 618395

**CUSTOMER #:** 0756
**INVOICE #:** 15434-01
**INVOICE DATE:** 07/29/15
**DUE DATE:** 08/28/15
**PAGE:** 2

**BILL TO:**
Costco #118 San Leandro
VENDOR # 23636-00
1900 DAVIS STREET
San Leandro, CA  94577

**JOB:** 15434
CT #118 San Leandro Misc Pt

San Leandro, CA

| CODE | DESCRIPTION | CURRENT CONTRACT | PREVIOUS BILLED | PREV % | % COMPL | CURRENT BILLING |
|------|-------------|------------------|-----------------|--------|---------|-----------------|

**SALES TAX:**

**NET DUE:**   15,910.00

*We gladly accept Visa, Mastercard, American Express, and Discover Card!*

*Please remit all payments to our corporate address below!*

***Corporate Office***
1177 N. 15th Street, San Jose, CA 95112
Phone: 408-437-0337 Fax: 408-437-0339
www.schaperco.com   www.schapermfg.com



**CUSTOMER #:** 0756

**INVOICE #:** 170048-2

**INVOICE DATE:** 07/13/17

**DUE DATE:** 08/12/17

**BILL TO:**

Costco #118 San Leandro
SAP# 20007442
1900 Davis Street
San Leandro, CA  94577

**JOB:** 170048

CT 118 San Leandro Front Canop
1900 Davis Street
San Leandro, CA  94577

| CODE | DESCRIPTION | CURRENT CONTRACT | PREVIOUS BILLED | PREV % | % COMPL | CURRENT BILLING |
|------|-------------|------------------|-----------------|--------|---------|-----------------|
| C001 | Painting | 5,610.00 | | | | 5,610.00 |
| C002 | Painting | 1,285.00 | | | | 1,285.00 |
| | **CHANGE ORDER TOTALS:** | 6,895.00 | | | | 6,895.00 |

**SALES TAX:**

**NET DUE:**  6,895.00

*Please remit all payments to our corporate address below!*

*Corporate Office*

1177 N. 15th Street, San Jose, CA 95112
Phone: 408-437-0337 Fax: 408-437-0339
www.schaperco.com   www.schapermfg.com

# SCHAPER CONSTRUCTION, INC.

Lic. No. 618395

# ESTIMATE

*170048*

**ATTN: Lynette**
**CONTRACTOR: Costco Wholesale**
**DATE: 1/15/17**
**Project Name: Costco San Leandro-Exterior**
**Estimate: J4552**

*Painting* ②
*Bird Netting* ①

SCHAPER PAINTING CO. WILL PROVIDE ALL MATERIALS AND LABOR REQUIRED AS PER THE SCOPE OF
WORK FOR THE ABOVE-MENTIONED PROJECT. THIS WORK WILL BE PERFORMED IN A PROFESSIONAL
MANNER ACCORDING TO INDUSTRY STANDARDS.
-------------------------------------------------------------------------------------------------------------------------
Bid per job walk and conversation with Lynette

1. Price to remove bird netting at front canopy, prime/treat all rusted areas, paint the underside of front
   canopy, then install new bird netting at front canopy:      **Paint-$5,610**
                                                                 ~~Bird Netting-$11,420~~

2. Price to for added work due to new lights being installed. Add for having to rent a lift a second
   time/removing new partially installed net and wire up higher/installing net/wire closer to lights/patching
   and painting as necessary:      **Paint-$1,285**
                                     ~~Bird Netting-$7,430~~

## Grand Total- $25,745

**Please sign and fax back with a PO# if work is approved. Thank you.**
IF YOU HAVE ANY QUESTIONS CONCERNING THIS PROPOSAL, PLEASE FEEL FREE TO CONTACT ME
AT: **408-437-0337** or cell **408-591-4592; Fax# 408-437-0339.** THANK YOU.

BY: _____

PO: _____

_____
Jack Selway
 Project Manager/Estimator

Date: _____

# Exhibit B

1  EDI KRISTOPHER, ESQ (SBN 284833)
2  **HARRISON | KRISTOPHER, LLP**
   1800 Sutter Street, Suite 320
3  Concord, California 94520
   Telephone: (866) 529-6155
4  Facsimile: (866) 565-6206

5  Legal Counsel for Plaintiff,
   RYAN PHAN

6

7              **THE SUPERIOR COURT OF CALIFORNIA**

8              **IN AND FOR THE COUNTY OF ALAMEDA**

9                      **UNLIMITED JURISDICTION**

10 RYAN PHAN,                                CASE NO.  HG19018124

11        Plaintiff,

12                                           **PLAINTIFF, RYAN PHAN'S**
                                             **RESPONSE TO REQUEST FOR**
13        vs.                                **PRODUCTION OF DOCUMENTS,**
                                             **SET TWO**
14 COSTCO WHOLESALE WAREHOUSE, and
   DOES 1 through 10, inclusive,
15
          Defendant
16
   PROPOUNDING PARTY:        DEFENDANT, COSTCO WHOLESALE
17
                             CORPORATION
18
   RESPONDING PARTY:         PLAINTIFF, RYAN PHAN
19
   SET                       TWO (2)
20
                      **GENERAL OBJECTIONS**
21
          Responding Party asserts that the following general objections, whether or not
22
   separately set forth in response to each and every instruction, definition and request made by
23
   the Propounding Parties in their Request for Production of Documents, Set Two.
24
          Responding Party responds to the Request for Production of Documents, Set Two
25
   to the best of its knowledge information and belief and are based on continuing discovery,
26
   investigation, legal research and analysis of the matters that are the subject of this litigation.
27
   Discovery, investigation and analysis are incomplete and the responses herein reflect
28

---

**RFPD RESPONSES**                                                              1

discovery and analysis conducted to date. Responding party reserves the right to supplement the response as more information relevant to the requests is discovered and to make any use of or introduce in any hearing or at trial, facts and documents not known to exist at this time, including but not limited to, those facts and documents obtained through discovery. Therefore, Responding Party specifically reserves the right to produce additional facts and documents and to make further objections that may become apparent as additional facts and documents are located and reviewed.

Responding Party objects to the Request for Production of Documents, Set Two to the extent they seek information protected by attorney-client privilege and/or attorney work product doctrine. To the extent that supplying the information requested would result in waving any privilege or objection based on attorney-client privilege, Responding Party does not waive the applicable privilege or doctrine.

Responding party also objects that the Request for Production of Documents seek information that is equally or more readily available to the Propounding Parties. Without waiving or limiting in any manner any of the forgoing general objections and incorporating them into each response to the extent applicable, Responding Party responds to the specific requests of the Request for Production of Documents, Set Two as follows:

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18**

Responding Party will produce documents under this request; however, the attorneys will meet and confer and determine the logistics of producing the shoe.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19**

Responding Party will produce documents under this request.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20**

Responding Party will not produce documents under this request because it has no such document under its possession and/or control.

//

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21**

Responding Party will not produce documents under this request because it has no such document under its possession and/or control.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23**

Responding Party will not produce documents under this request because it has no such document under its possession and/or control.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24**

Besides all the documents produced thus far, Responding Party has no other documents to produce under this request.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25**

Besides all the documents produced thus far, Responding Party has no other documents to produce under this request.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26**

Besides all the documents produced thus far, Responding Party has no other documents to produce under this request.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27**

Besides all the documents produced thus far, Responding Party has no other documents to produce under this request.


Dated:   June 17, 2020                    **HARRISON| KRISTOPHER, LLP**


                                          _____

                              By:    Edi Kristopher, Esq.
                                     Attorneys for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

      I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to this action. My business address is 1800 Sutter Street, Suite. 320, Concord, CA 94520.

      On June 17, 2020, I served in the manner indicated below, the within:

**PLAINTIFF, RYAN PHAN'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

      On the interested party/parties in said action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

Jordan Meeks, Esq.
SEVERSON & WERSON
1 Embarcadero Center #2600
San Francisco, CA  94111
**Email: jmm@severson.com**

**XXX**  (BY Email) I caused a copy to be delivered via electronic mail.

      (BY Facsimile) I caused a copy to be delivered via facsimile.

      (BY Hand Delivery) I caused a copy to be hand delivered.

      (BY Mail) I caused a true copy to be sent by mail.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 17, 2020, at Concord, California.

*Carmen Morton*

_____

Carmen Morton, Legal Assistant

1

# Response to RFD #19

