UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RYAN PHAN,**<br>　　　　Plaintiff,<br>　vs.<br>**COSTCO WHOLESALE CORPORATION,**<br>　　　　Defendant. | CASE NO. 19-cv-05713-YGR<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 36 |

This case will be resolved on issues of credibility. While this slip-and-fall case is not among the most serious cases the Court must oversee, sufficient unanswered questions remain warranting **DENIAL** of defendant Costco Wholesale Corporation's ("Costco") motion for summary judgment and resolution by way of jury trial.

I.   **LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(A), (B). "[W]here evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that issue is inappropriate for resolution on summary judgment." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (internal quotation marks omitted).

A moving party defendant bears the burden of specifying the basis for the motion and the elements of the causes of action upon which the plaintiff will be unable to establish a genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to establish the existence of a material fact that may affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In the summary judgment context, the court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

**II.     ANALYSIS**

This is a straightforward case. On October 15, 2017, plaintiff Ryan Phan was filling his car with gasoline at a Costco gas station in San Leandro, California. Plaintiff slipped and fell and was transported by ambulance to the hospital. He timely sued Costco. The parties agree on the date and time of the incident. They disagree on the cause.

Plaintiff's version: Plaintiff testifies that he slipped on wet paint. His version of the facts is supported by his own testimony and that of three family members who were present on the scene and who provide circumstantial evidence of causation, including that they (i) saw paint on plaintiff's shoe; (ii) saw plaintiff's footprints in paint on the ground; (iii) heard a Costco employee say the area had just been painted; and (iv) saw Costco employees cleaning the area where plaintiff fell, including by "scoop[ing] up the paint," before they took any pictures or even called an ambulance.

Costco's version: Costco claims that the testimony of plaintiff's witnesses should be ignored because they did not see him fall, nor do they know what caused him to fall, and moreover, because their testimony it is not corroborated by independent witnesses. Costco also highlights two pieces of evidence that support its position that plaintiff fell as a result of his spilling gasoline on the ground: (i) the responding paramedic wrote in a report that plaintiff "state[d] he slipped on gas at the gas pump"; and (ii) plaintiff's primary care physician, who saw him five weeks after the fall, wrote in his notes that plaintiff "slipped on gas." Plaintiff counters that his strong accent must have been the cause of any confusion.[1]

---

[1] Both parties raise several evidentiary objections, which are set forth in Costco's reply to plaintiff's response to the separate statement of undisputed material facts (Dkt. No. 41-1) and related filings. For the reasons stated herein and at the hearing on the motion, and for purposes of this motion only, the Court rules as follows:

2

While Costco proffers strong evidence in support of its motion, additional questions remain. For example, as the history of this case has shown, a video existed which could have shown the cause of the fall, but it disappeared mysteriously. Additionally, Costco claims to use only one subcontractor for painting and proffers testimony from employees that painting happens about once every 18 months, but it did not produce *any* business records showing the course of work performed by the subcontractor before or after the incident. Costco was in the best position to resolve remaining issues of fact through business records, and yet, it did not do so.

Further, the Court is not persuaded by Costco's attempt to dismiss the testimony of plaintiff's witnesses. Even if these witnesses did not see plaintiff fall, they proffered sworn testimony about what they saw and heard when they exited the car shortly after the fall. The testimony is relevant, albeit circumstantial. Whether or the extent to which the testimony is self-serving or not believable is for a jury to assess and weigh along with all other evidence in this case, including any potentially self-serving testimony from Costco employees.[2] On summary judgment, however, there is no basis to exclude consideration of this testimony.

---

- Plaintiff's statements to medical professionals about the cause of the fall are admissible as party admissions under Federal Rule of Evidence 801(d)(2). Objections to this evidence are overruled.
- Costco has proffered testimony from its employees regarding what they saw and experienced on the scene of the incident, as well as Costco's practices with respect to painting. Plaintiff has proffered counter evidence regarding what his family members saw and experienced on the scene. As explained herein, this testimony generally constitutes relevant circumstantial evidence based on adequate foundation, and therefore is admissible, *with the following exceptions*:
  - Lorenzo Resendiz's declaration states that prior to plaintiff's fall, the most recent painting at the gas station occurred on April 6, 2017. The invoice attached to his declaration is dated April 7, 2016. This testimony is unsupported by and inconsistent with the documentary evidence, and therefore, it is stricken. (Dkt. No. 36-5 at 2:6-10.)
  - Plaintiff's declaration suggest that Costco employees told paramedics that a gasoline spill caused the fall. This testimony is purely speculative, and thus, is stricken. (Dkt. No. 40-4 at 3:13-15, 21-22.)
- The parties raise purported evidentiary objections that are not evidentiary at all, but rather, take issue with the substance of the opposing party's evidence. Such rebuttals are appropriate for purposes of argument but are not a basis for excluding evidence.

[2] Whether plaintiff's testimony lacks credibility because it is inconsistent with his statements to medical professionals, or whether these inconsistencies can be explained by his accent, is another issue that must be resolved by the factfinder.

3

Given that Costco has not proffered business records to resolve the dispute, and there is a potential for bias on both sides, jury resolution is appropriate.[3]

### III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **DENIED**. Further, as discussed at the hearing on the motion, the Court hereby **REFERS** this case to Magistrate Judge Sallie Kim for a settlement conference. The Court expects that such conference will not occur before trial filings are due. Further, given COVID-19 and the backlog of cases set for jury trial, the Court is not convinced that it will be able to maintain the February trial date. Accordingly, if useful, the Court will entertain a joint request to continue the deadlines related to trial filings once a settlement conference date has been scheduled.

This Order terminates Docket Number 36.

**IT IS SO ORDERED.**

Dated: October 15, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Costco's request for judicial notice (Dkt. No. 36-3) is denied as moot.

4